UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eman Zaeri,<br><br>　　　　　Petitioner<br><br>v.<br><br>Kristi Noem, et al.,<br><br>　　　　　Respondents | Case No. 2:25-cv-02219-CDS-NJK<br><br>**Order Granting in Part the Petition for Writ of Habeas Corpus and Denying as Moot the Motion for Preliminary Injunction**<br><br>[ECF Nos. 1, 11] |

　　　Petitioner Eman Zaeri immigrated from Iran to the United States in 2003. *See* Zaeri decl., ECF No. 1-1. In 2020, an immigration judge ordered his removal and granted deferral of removal under the Convention Against Torture. Shortly thereafter, Zaeri was released under an order of supervision. Order, ECF No. 1-2. On June 25, 2025, Immigration and Customs Enforcement (ICE) arrested and detained Zaeri without revoking his order of supervision. Removal, ECF No. 1-3; Decision to continue detention, ECF No. 1-4. In turn, Zaeri filed a petition for writ of habeas corpus and a motion for a preliminary injunction—both of which seek his immediate release from immigration detention. Pet. for writ, ECF No. 1; Mot. for prelim. inj., ECF No. 11. I held a hearing on the petition and the motion for injunctive relief on December 22, 2025. Mins. of proc., ECF No. 18. At the conclusion of that hearing, I ordered the respondents to supplement the record regarding the government's efforts to remove petitioner. *Id.* The respondents filed a status report on December 29, 2025; however, the report did not contain any new information or evidence. ECF No. 19. For the reasons set forth in this order, and the findings I made on the record during the December 22, 2025 hearing,[1] I grant in part Zaeri's petition for writ of habeas corpus and deny as moot his motion for a preliminary injunction.

---

[1] I incorporate the transcript of that hearing into this order as if fully set forth herein.

## I. Legal standard

Usually when an order for removal of a noncitizen becomes administratively final, the Attorney General must remove the noncitizen "within a period of 90 days." 8 U.S.C. § 1231(a)(1). But when removal is based on the noncitizen's aggravated felony, the 90-day period may be extended if the noncitizen is "a risk to the community or unlikely to comply with the order of removal." *Id.* at § 1231(a)(6). However, the period of detention must still be reasonable; permanent or indefinite detention is barred. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

A presumptively reasonably detainment period is six months or less. *Id.* at 682. Thereafter, should the noncitizen set forth "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Even so, the detainment period may surpass six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

## II. Discussion

Zaeri sets forth five claims for relief in his petition for writ of habeas corpus: (1) violation of substantive due process under the Fifth Amendment; (2) violation of procedural due process under the Fifth Amendment; (3) violation of equal protection under Fifth Amendment; (4) violation of the APA, 5 U.S.C. § 706(2)(A) and § 706(2)(B), contrary to law and constitutional right; (5) violation of the APA, 5. U.S.C. § 706(2)(A), for arbitrary and capricious agency action; (6) violation of the APA, 5 U.S.C. § 706(2)(C), in excess of statutory authority; (7) ultra vires action; and (8) violation of the *Accardi* doctrine. *See* ECF No. 1.

As I stated at the December 22nd hearing, I do not find the substantive due process or equal protection claims to be supported by the record. However, after reviewing the record and the respondents' briefs, I grant the petition based on the Fifth Amendment procedural due process claim. In turn, I deny as moot Zaeri's motion for a preliminary injunction.

The Fifth Amendment's Due Process Clause bars the government from depriving any person within the United States, including noncitizens, liberty "without due process of law." U.S. Const. amend. V; *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. In the immigration context, the Supreme Court has held that the indefinite, potentially permanent detention of a noncitizen is at odds with the Clause. *Id.* at 696. However, as noted above, there is a "presumptively reasonable" period for detention following a removal order: six months. *See id.* at 701. *Zadvydas* "places the burden on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Zadvydas*, 533 U.S. at 701). If the noncitizen meets this burden, then the government must "introduce evidence to refute that assertion." *Id.* (citing *Zadvydas*, 533 U.S. at 701 and *Xi v. I.N.S.*, 298 F.3d 832, 839–40 (9th Cir. 2002)).

Here, Zaeri's period of detention has exceeded the presumptively reasonable six-month period, and he has shown that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. This is because the government has neither followed the proper removal proceedings required under the Convention Against Torture nor identified a third country willing to accept Zaeri. In turn, the government bore the burden of showing that there is a significant likelihood of removal. But I find that it failed to meet this burden. The government's claims regarding its active efforts to process Zaeri for third-country removal, its references to other deportation flights involving Iranian nationals, and its statements as to Zaeri's removal being expected are insufficient. Such claims are mere speculation—not evidence rebutting the good reasons for believing that Zaeri's detention will persist indefinitely and perhaps permanently. This is particularly true in Zaeri's case because he cannot be deported back to Iran even if the country is now accepting its own deported citizens. Thus, under

*Zadvydas*, granting Zaeri's petition for writ is necessary to protect his Fifth Amendment right to due process.

Because I grant the relief under the § 2241 petition for the reasons set forth above, I do not address other claims and other requested relief in the petition. And because Zaeri's detainment presents an ongoing due process violation, the need to resolve this matter promptly is pressing. So, in light of the urgent circumstances, and the two previous extensions granted to the respondents,[2] I decline to grant them an extension to file an updated response by December 31, 2025. *See* Status report, ECF No. 19.

### III. Conclusion

IT IS HEREBY ORDERED that the respondents' request for an extension to provide the court with an updated response to the court's order by Wednesday, December 31, 2025, is denied.

IT IS HEREBY ORDERED that Zaeri's petition for writ of habeas **corpus [ECF No. 1] is granted in part, as set forth in this order.**

IT IS FURTHER ORDERED that the respondents **must immediately release Zaeri from custody**, subject to his prior Order of Supervision.

IT IS FURTHER ORDERED that the respondents must file a status report no later than 5:00 p.m. on January 5, 2026, confirming that the petitioner has been released on his prior Order of Supervision.

IT IS FURTHER ORDERED that Zaeri's motion for preliminary injunction **[ECF No. 11] is denied as moot**.

Dated: December 30, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] *See* First mot. to extend time, ECF No. 6; Second mot. to extend time, ECF No. 8.